Olayiwola O. Oduyingbo (RI Bar No. 9427)
Odu@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone:     (401) 209-2029
Facsimile:      (401) 217-2299

Attorney for Plaintiff
Adeola Akinde

# UNITED STATES DISTRICT COURT

# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ADEOLA AKINDE, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRYANT UNIVERSITY, *alias*,<br><br>　　　　　Defendant. | Case No. 1:23-cv-00551<br><br>**COMPLAINT FOR:**<br><br>1. **Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e,** *et seq.***;**<br>2. **Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101,** *et seq.***;**<br>3. **Violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1,** *et seq.***; and**<br>4. **Violation of the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**TABLE OF CONTENTS**

**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

Page

SUMMARY OF THE ACTION ..................................................................................................1

PARTIES ........................................................................................................................................1

JURISDICTION ............................................................................................................................1

VENUE ...........................................................................................................................................2

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS ................................2

    Adeola Is Hired By Defendant And Is The Only Black Employee ..........2

    Adeola Takes Medical Leave Due To A Disability And Is
    Subjected To Hostile Work Conditions Upon His Return............3

    Adeola's Supervisor Googles "Why Are Nigerians So Dumb?"..............4

    The Chief Reprimands Union Representatives For Standing Up To
    Discrimination On Behalf of Adeola .............................................5

    Treatment of Adeola Worsens As A Result of Adeola Reporting
    Defendant To Several Agencies......................................................7

    Adeola Is Terminated After Requesting Medical Leave For His
    Disability..........................................................................................7

    Adeola Exhausts Administrative Remedies And Receives The
    Right To Sue ...................................................................................8

CLAIMS FOR RELIEF ................................................................................................................8

PRAYER FOR RELIEF ..............................................................................................................10

DEMAND FOR JURY TRIAL ..................................................................................................10

CERTIFICATE OF SERVICE .....................................................................................................1

# COMPLAINT

## SUMMARY OF THE ACTION

1. Plaintiff Adeola Akinde ("Adeola") brings this action against Defendant Bryant University ("Defendant") to assert his rights and remedy grave and rampant discriminatory and retaliatory violations committed by Defendant over the course of several years. Adeola is seeking compensatory and punitive damages, counsel fees and costs, and other equitable relief arising out of violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1, *et seq.* ("FEPA"); and the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1, *et seq.* ("RICRA"). Adeola hereby alleges as follows:

## PARTIES

2. Plaintiff Adeola Akinde is a citizen and resident of North Providence, Rhode Island.

3. At all times relevant herein, Adeola was employed by Defendant in the State of Rhode Island.

4. Defendant Bryant University is an educational institution duly organized and incorporated under the laws of the State of Rhode Island and maintains its principal place of business at 1150 Douglas Pike, Smithfield, RI, 02917.

5. At all times relevant herein, Defendant was Adeola's "employer" within the meaning of all relevant statutes.

## JURISDICTION

6. The United States District Court for the District of Rhode Island has federal subject matter jurisdiction under 28 U.S.C. § 1331 because Adeola asserts claims arising under federal law. Specifically, this action arises, *inter alia*, under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, *et seq.* and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

7. The United States District Court for the District of Rhode Island has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, each of which arise out of a common nucleus of operative facts as the claims over which the Court has original jurisdiction.

8. The United States District Court for the District of Rhode Island has personal jurisdiction over Defendant because it has its principal place of business within this District, and it has sufficient minimum contacts in Rhode Island to render the exercise of jurisdiction by this Court both proper and necessary.

**VENUE**

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is in Rhode Island and Defendant conducts business in Rhode Island. Therefore, Defendant is deemed to reside in this District. Moreover, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District.

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

**Adeola Is Hired By Defendant And Is The Only Black Employee**

10. Adeola is a Nigerian male who was hired by Defendant as a Public Safety Officer on January 2, 2018.

11. Out of approximately twenty-five employees, Adeola was the only Black employee.

12. Upon Adeola's hiring, he was informed by several coworkers to "be cautious" because "they do not like minorities here."

13. During Adeola's first year of employment, he was told that certain officers disliked him due to his race. The Public Safety Officers who warned Adeola about the people who disliked him due to his minority status were worried about retaliation and asked Adeola to keep their identities anonymous.

14. It became immediately apparent that Adeola was going to be treated differently than other white employees. For example, Adeola received a verbal warning on February 18,

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

2020 for alleged failure to answer his radio. His radio, however, never indicated that anyone was trying to reach him. He kept his radio at his side and with the volume on high at all times. Meanwhile, his white coworkers failed to answer their radios on several instances and were not reprimanded for failure to respond.

### Adeola Takes Medical Leave Due To A Disability And Is Subjected To Hostile Work Conditions Upon His Return

15. Around this time, Adeola injured his rotator cuff. His recovery required him to take medical leave. When Defendant became aware of Adeola's request for the medical leave to which he was entitled, Defendant called him into a meeting and questioned the necessity of taking the leave. Adeola was accused of previously taking medical leave even though this was his first instance. The treatment worsened upon his return from leave.

16. On many occasions, Adeola was loudly criticized and yelled at by supervisors in front of his white coworkers for alleged infractions – the same types of infractions that his white coworkers constantly committed with impunity.

17. Such disparate treatment caused Adeola to contact the Rhode Island Human Rights Commission on or around August 2021.

18. On December 6, 2021, the Union became involved. The Union Representative spoke to the Chief and a Captain of the department and explained that supervisor Lieutenant Hayden was "always yelling at Adeola in front of other officers and disciplining him and not others for the same infraction."

19. Unfortunately, the disparate treatment did not end there.

20. On June 10, 2022, Adeola received his annual employee evaluation report. He received at least an "acceptable" rating or greater in all areas. This annual employee evaluation report stated that it was for the period between June 30, 2021, to June 10, 2022. Sergeant Haley signed the evaluation on June 10, 2022. Both Patrol Captain Paul Deary and Director of Public Safety Stephen Bannon signed off on the evaluation on July 6, 2022. However, on a later date, Adeola was suddenly told to sign a new evaluation. This was extremely unusual since the annual evaluation period had already been completed and the collective bargaining agreement of the

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

Union that Adeola was a member of did not allow for revised evaluations after the evaluation period had ended.

21. This new evaluation rated Adeola at least acceptable in all areas except the following category: "remains alert while patrolling campus." Defendant also lowered Adeola's rating in the areas of "judgment and decision-making," "requires minimum amount of supervision," and "leadership."

22. Defendant asserted that this new evaluation was due to "a corrective action for sleeping in his vehicle while on duty on 6/15/2022." On that day, Adeola was feeling ill due to severe allergies. Defendant was aware of this. Adeola took allergy medication for his allergies and went inside his car to warm up. At this point, he was accused of sleeping despite being awake. Defendant was quick to suspend Adeola for allegedly sleeping. This was in stark contrast to the treatment of white coworkers who were proven to sleep on the job.

23. For example, a white officer was filmed while fully asleep at the Entry Control Gate. This video went viral on social media. The white officer was not suspended. He was merely given a warning.

24. In addition, another white officer was caught sleeping while in the breakroom, which is against policy. Multiple supervisors witnessed the white officer fully asleep and did not reprimand him. Meanwhile, Adeola was suspended without warning for simply being in his car awake.

25. Around June 20, 2022, Adeola met with his Chief to discuss the unfair treatment specifically towards him by Lieutenant Hayden.

**Adeola's Supervisor Googles "Why Are Nigerians So Dumb?"**

26. On or around July 2022, Adeola's white supervisor Googled something along the times of "Why are Nigerians so dumb?" Adeola was the only black employee and only Nigerian employee. There was no doubt that this Google Search was about Adeola. Another officer found the supervisor's Google search and reported it to the Chief. The white supervisor was suspended, but that did not end the racist culture at Defendant.

27. On July 14, 2022, the Union filed a grievance form based on Adeola's suspiciously modified performance evaluation. In this grievance, the Union explained that Adeola was handed his evaluation by Sergeant Haley – which was read, agreed to, and signed – but on a later date, Sergeant Haley told Adeola that he was required to sign a new evaluation. This new evaluation deviated significantly from the original that was presented to Adeola previously. *See supra* ¶¶ 20-24.

28. Sergeant Haley refused to sign the Union's grievance. On July 20, 2022, the Chief denied the grievance. The Chief's reasoning was that there was no reference to any specific provision of the collective bargaining agreement that was violated. He specifically wrote "There are no provisions cited because none were violated." However, the Performance Evaluations Process does not state that changes to the original performance evaluation are permitted. The Chief, however, failed to cite any provision that allows for deviations to the Performance Evaluation Process wherein a new evaluation can be created at a later date after the original evaluation is completed and finalized.

29. On July 20, 2022, the Union tried to speak with the Chief regarding a grievance for Adeola's suspension for allegedly sleeping on the job. The Chief told the Union that he did not have time to discuss it and walked away. Subsequently, the Chief turned around and exclaimed, "Just give it to me, I will deny it anyways." The Union had written in the grievance how it is unfair for other coworkers to receive lesser disciplinary action than Adeola for the exact same alleged action.

**The Chief Reprimands Union Representatives For Standing Up To Discrimination On Behalf of Adeola**

30. On August 12, 2022, the Chief called a member of the Union into his office. The Union member had a Word document on a desktop computer that concerned the racial discrimination going on at Defendant. The Chief saw this, told the Union member that it was "inflammatory," and asked what the member was doing or thinking. The Union member told the Chief, "It is not inflammatory if we feel it is true."

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

31. Instead of addressing the racial discrimination brought to his attention, the Chief scolded the Union member, telling him that Union members cannot utilize department computers, printers, copiers, and shredders for Union business. The Union member noted that he felt the Chief was more concerned about the existence of a word document icon on a desktop than addressing the rampant racial discrimination ongoing at Defendant.

32. On or around September 2022, Adeola called the NAACP to discuss treatment at Defendant. It seemed that each time Adeola spoke to any agency about the discrimination at Defendant, the discriminatory treatment worsened. Lieutenant Hayden constantly berated Adeola in front of his colleagues. While his colleagues were all treated with respect, Adeola was treated as "lesser than."

33. On September 29, 2022, due to a devasting phone call regarding the custody of his son, Adeola accidentally forgot his duty keys at the door. The duty keys were turned in by another employee. Because of this accidental oversight, Adeola was placed on an unpaid one-week suspension.

34. In contrast, other white officers had misplaced their keys often. They were never reprimanded for this action.

35. On November 2, 2022, the Union spoke directly to Lieutenant Hayden and voiced concern that Adeola was being targeted by the Lieutenant. The Union told Lieutenant Hayden that they felt that Adeola's previous disciplinary action had been a willful attempt to try to discredit Adeola and start "building a case against Adeola for further discipline."

36. On several occasions, the Union provided Human Resources with printed copies of Defendant's own policies, and highlighted and explained the ways in which Defendant was violating their own policies with their treatment of Adeola.

37. The Union highlighted that Adeola was being treated differently than his white coworkers, that he was not given chances to explain any alleged actions while white coworkers were given ample opportunities, and that he was disciplined more harshly for alleged infractions that his white coworkers committed with impunity.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Treatment of Adeola Worsens As A Result of Adeola Reporting Defendant To Several Agencies**

38. In addition, throughout Adeola's time working at Defendant, he was assigned the most unfavorable shift assignments. Defendant constantly allowed white junior officers to pick their posts. Meanwhile, Adeola was assigned to the posts that the other officers did not want. He was not given the opportunity to pick his posts.

39. Moreover, when an officer is the "Officer in Charge" for the day, they are responsible for shift assignments and are responsible to run the shift. However, whenever Adeola was the "Officer in Charge," Lieutenant Hayden would call in and assign this post. This was not done to white officers Adeola worked with.

40. Adeola believes much of this treatment was due to his reporting Defendant's discrimination to the Union, the Human Rights Commission, and the NAACP. The more Adeola stood up for his rights, the more Lieutenant Hayden retaliated against Adeola.

41. There was no question that Lieutenant Hayden had it out for Adeola. For example, in another instance, Adeola had fallen ill and had asked Lieutenant Hayden if he could leave his shift early to get better. Lieutenant Hayden asked Adeola which one of Adeola's benefits he wanted to use. Adeola asked to use his sick time to cover the remainder of the shift. Lieutenant Hayden refused to grant the request.

42. Adeola had to go through the Union President to follow up on this refusal to grant the sick leave. The Union President and Adeola made several attempts to have a meeting with Lieutenant Hayden, yet he refused every attempt.

**Adeola Is Terminated After Requesting Medical Leave For His Disability**

43. On December 1, 2022, Adeola was asked to search for an alleged dead body. Adeola was unable to find the body. Adeola was never trained in how to search for a dead body. Defendant suspended Adeola for being unable to find the dead body. Adeola also believes he was set up, as in, the body was already located before Adeola was purposefully sent by Defendant to be the one to "find" it.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

44. During this suspension, Adeola had a lower back injury related to a lower back condition. This disability required Adeola to take a second medical leave to recover. He informed the Defendant by letter. The same day that Defendant received the letter requesting medical leave for his disability, Defendant terminated Adeola. Instead of accommodating the leave, Defendant retaliated against Adeola for needing to take it by simply firing him.

### Adeola Exhausts Administrative Remedies And Receives The Right To Sue

45. On or about May 4, 2023, Adeola filed a Charge of Discrimination against Defendant with the Rhode Island Commission for Human Rights ("RICHR") and the United States Equal Employment Opportunity Commission ("EEOC").

46. On June 23, 2023, Defendant filed its Position Statement.

47. Thereafter, and in accordance with R.I. Gen. Laws § 28-5-24.1(c), Adeola elected to terminate all proceedings before the RICHR and the EEOC, and instead assert his rights and remedy Defendant's violations in Court. On October 3, 2023, the RICHR issued Adeola a Notice of Right to Sue. On November 2, 2023, the EEOC issued Adeola a Notice of Right to Sue. Adeola has therefore timely and properly exhausted administrative remedies and has satisfied all pre-conditions to the filing of this action.

48. The facts are straightforward – Defendant continuously discriminated against Adeola as the only black employee and retaliated against him on several occasions for speaking up and for taking medical leave. Adeola brings this action to remedy these violations.

### CLAIMS FOR RELIEF

49. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

### First Claim for Relief

*Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.,*

50. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, discriminated against Adeola on this basis of his race and retaliated against Adeola for engaging in protected activity (including, inter alia, reporting

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

racism to agencies) in violation of Title VII, and thereby deprived Adeola of rights secured under Title VII, causing Adeola to suffer damages as aforesaid.

### Second Claim for Relief

*Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.*

51.     Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment discrimination based on Adeola's disability within the meaning of the ADA.  Adeola was subjected to adverse employment actions due to his taking medical leave in the first instance, including constant negative treatment and disproportionate disciplinary action upon his return.  Adeola was subjected to adverse employment actions due to his request for medical leave in the second instance, including by being terminated.  Defendant failed to accommodate Adeola's request for an accommodation for his disability (in the form of medical leave) and instead terminated him.  This caused Adeola to suffer damages as aforesaid.

### Third Claim for Relief

*Violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 et seq.*

52.     Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment discrimination based on Adeola's race and disability within the meaning of the FEPA, retaliated against Adeola for engaging in protected activity in violation of FEPA (including, but not limited to, reporting discrimination to the Union and agencies) and thereby otherwise deprived Adeola of his rights secured under FEPA, causing Adeola to suffer damages as aforesaid.

### Fourth Claim for Relief

*Violation of the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1 et seq.*

53.     Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful discrimination based on Adeola's race and disability within the meaning of the RICRA, and thereby otherwise deprived Adeola of his rights secured under RICRA, causing Adeola to suffer damages as aforesaid.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## PRAYER FOR RELIEF

WHEREFORE, Adeola prays and respectfully requests that this Court grant the following relief:

A.  A declaratory judgment declaring that the acts and/or omissions of Defendant, including, but not limited to those complained of herein, are in violation of the Title VII, the ADA, FEPA, and RICRA;

B.  An injunction directing Defendant to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated;

C.  An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make Adeola whole for all earnings and benefits Adeola would have received but for the violations;

D.  An award of all actual, general, special, incidental, statutory, punitive, compensatory, liquidated, consequential, and/or restitutionary damages to which Adeola is entitled;

E.  An award of prejudgment interest, reasonable attorneys' fees, and costs; and

F.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: December 29, 2023

**ODU LAW FIRM, LLC**

By:  /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
RI Bar No. 9427
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com

**ATTORNEY FOR PLAINTIFF, ADEOLA AKINDE**

## CERTIFICATE OF SERVICE

      I hereby certify that on December 29, 2023, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system. I further caused to be served a copy of the foregoing document to counsel of record at their last known address.

By:  /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
RI Bar No. 9427
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com

**ATTORNEY FOR PLAINTIFF, ADEOLA AKINDE**